IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| STACEY HARRISON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv- |
| | § | 00038-H |
| | § | |
| AZTEC WELL SERVICING CO., | § | Jury Demanded |
| TRIPLE S TRUCKING, INC., TOTAH | § | |
| RENTAL & EQUIPMENT CO., | § | |
| DOUBLE M MUD CO., | § | |
| ROADRUNNER FUELS, INC., and | § | |
| JASON SANDEL, all of the foregoing | § | |
| doing business under the trade name | § | |
| "THE AZTEC WELL FAMILY", | § | |
| | § | |
| *Defendants.* | | |

**[PROPOSED] JOINT PRETRIAL ORDER**

Plaintiff STACEY HARRISON ("**Harrison**") and Defendants AZTEC WELL SERVICING CO. ("**AWS**"), TRIPLE S TRUCKING, INC. ("**Triple S**"), TOTAH RENTAL & EQUIPMENT CO. ("**Totah**"), DOUBLE M MUD CO. ("**Double** M"), and JASON SANDEL ("**Sandel**") (collectively, the "**Non-Roadrunner Defendants**"), and ROADRUNNER FUELS, INC, ("**Roadrunner**"), (collectively, the "**Parties**") submit this their proposed Joint Pretrial Order as follows:

1. **Summary of the Claims and Defenses of Each Party**

    a. **Harrison**

Harrison asserts causes of action for (1) slander; (2) libel; and (3) declaratory judgment against the Non-Roadrunner Defendants and Roadrunner arising from two WANTED POSTER styled advertisements that were placed in the Midland Reporter-Telegram and Abilene Reporter-News newspapers in November 2019. Harrison alleges the WANTED POSTER-styled

advertisements constituted defamation per se and, as a result, damages are presumed. These damages include emotional distress and actual damages to Harrison, as well as his personal reputation and business interests. (Dkt. No. 77). Alternatively, Harrison claims the WANTED POSTER-styled advertisements constitute slander/defamation and that they caused him emotional and actual damages, as well as damage to his reputation and his business interests. Harrison claims that the Non-Roadrunner Defendants and/or Roadrunner, acting through Sandel, designed and caused the WANTED POSTER-styled advertisements to be placed in the Abilene Reporter-News and the Midland Reporter-Telegram. Harrison alleges the WANTED POSTER-type advertisements contain facts about Harrison that are/were false; the Non-Roadrunner Defendants and/or Roadrunner, knew or should have known the facts to be false and/or misleading, and therefore, the Non-Roadrunner Defendants and/or Roadrunner acted negligently; and when asked to do so, the Non-Roadrunner Defendants and/or Roadrunner failed to retract the WANTED POSTER-type advertisements. Harrison alleges he has suffered actual and special damages. Harrison also seeks an award of exemplary damages. Harrison also seeks a declaration that the Non-Roadrunner Defendants and Roadrunner are a joint enterprise and are vicariously liable for placing the advertisements. Harrison maintains that he has fully complied with all conditions precedent to the pursuit of his causes of action. Harrison objects to the assertion of any defense, matter in avoidance or misstatement of the law asserted by any of the Defendants that has not been properly pled in this action.

   b. **Non-Roadrunner Defendants.**

Totah, Double M, and Sandel, individually, did not make, publish, or authorize any oral or written allegedly defamatory statements against Harrison. Accordingly, Harrison's slander and

libel causes of action against these Defendants fail as a matter of law. AWS and Triple S[1] are not liable to Harrison because the allegedly defamatory advertisements contained only true statements, were not made negligently, were not with malice or ill-will, and were not defamatory to Harrison. Harrison's declaratory judgment claim fails, because the Federal Declaratory Judgment Act does not create a substantive cause of action  Harrison cannot establish the required elements of his alleged "joint enterprise" theory or let alone the only theory recognized by the Texas Supreme Court, alter ego. The Non-Roadrunner Defendants are not liable to Harrison because the allegedly defamatory statements were protected by the absolute litigation privilege. Finally, Harrison cannot establish that he suffered any damages as a result of the allegedly defamatory advertisements and his failure to comply with the Defamation Mitigation Act prevents the recovery of exemplary damages against Totah, Double M, Triple S, and Sandel, individually.

### c. Roadrunner

Roadrunner did not make, publish, or authorize an oral and/or written defamatory statement about Harrison or the allegedly defamatory advertisements.  Therefore, Harrison's slander and libel causes of action fail against Roadrunner as a matter of law.

Harrison's declaratory judgment cause of action against Roadrunner also fails.  The federal Declaratory Judgment Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law."[2]  Consequently, because Harrison's substantive libel and slander causes of action against Roadrunner fail, Harrison's request for declaratory relief does too.[3]

---

[1] To the extent that Totah, Double M, and Sandel are found to have been responsible for making, publishing, or authorizing the allegedly defamatory statements, they are protected by these same defenses.
[2] *Gipson v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 3:13-CV-4820-L (BH), 2015 U.S. Dist. LEXIS 58056 (N.D. Tex. 2015) (citing *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 U.S. Dist. LEXIS 88527, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009))
[3] *See e.g. Hopkins v. Cornerstone Am.*, No. 4:05-CV-332-Y, 2009 U.S. Dist. LEXIS 149171 (N.D. Tex. 2009)  ("A declaratory-judgment action must be based on a valid underlying cause of action."); *Eason v. Ocwen Loan Servicing*

Nevertheless, to the extent the Court determines that Harrison's declaratory judgment cause of action is proper, Harrison's declaratory judgment cause of action also fails on the merits. Roadrunner does not hold itself out or conduct business as "The Aztec Well Family." Moreover, Roadrunner has not expressly or implicitly agreed with any of the Non-Roadrunner Defendants to equally share the monetary benefits of a commonly held business purpose that is equally controlled by Roadrunner and any of the Non-Roadrunner Defendants.[4] Instead, Roadrunner is a brick-and-mortar gas station and convenience store with a single location in Aztec, New Mexico, that neither provided services, submitted invoices, nor received benefits from the underlying Daywork Drilling Contract and subsequent payment dispute giving rise to the allegedly defamatory statements.

To the extent Roadrunner is found to be responsible for making, publishing, or authorizing the allegedly defamatory statements, it is not liable to Harrison because the allegedly defamatory statements were substantially true and/or were protected by the absolute litigation privilege. Roadrunner is also not liable to Harrison because the allegedly defamatory statements were not made with the requisite degree of fault. Finally, Harrison cannot establish that he suffered any damages as a result of the allegedly defamatory statements and his failure to comply with the Defamation Mitigation Act prevents the recovery of exemplary damages against Roadrunner.

Roadrunner objects to any characterization of or reference to the subject advertisements as "WANTED POSTER-type" and/ or "WANTED POSTER-style" on the grounds that it is an improper comment on the evidence.

**2.     Stipulated Facts**

    a.     Harrison is married to Wanda Harrison ("**Mrs. Harrison**").

---

*LLC*, No. 4:19-CV-2990, 2020 U.S. Dist. LEXIS 226943 (S.D. Tex. 2020) ("Since this Court has determined that the Easons' substantive claims against Ocwen and PHH fail, the Easons' request for declaratory relief is denied.")).
[4] *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000).

[PROPOSED] JOINT PRETRIAL ORDER – Page 4

      b.      Harrison Lease Acquisition and Development, Inc. ("**HLAD**") is a Texas corporation formed on July 20, 2007.

      c.      Harrison owns half of HLAD.

      d.      Harrison is a director and President of HLAD.

      e.      Mrs. Harrison is an owner of HLAD.

      f.      Mrs. Harrison has been the registered agent for HLAD since July 17, 2009.

      g.      HLAD's registered agent's address in 2019 was 5125 Crystal Creek Abilene, Texas 79606 (the "**HLAD Service Address**").

      h.      AWS is a New Mexico corporation formed in 1963.

      i.      Sandel is the Executive Vice President of AWS.

      j.      On, or about, January 14, 2019, AWS and non-party Copper Ridge Resources, LLC ("**Copper**") entered into a Daywork Drilling Contract (the "**Contract**").

      k.      On January 14, 2019, Copper was a Texas limited liability company whose manager, director, and registered agent was non-party Mark Burkett ("**Burkett**").

      l.      On June 5, 2019, AWS recorded a *Claim of Lien* in the official records of Lea County, New Mexico as Instrument No. 00042421 against the Warren 1 well related to work it performed pursuant to the Contract.

      m.      On October 1, 2019, AWS sent a Notice of Lien to the HLAD Service Address that was returned as "undeliverable."

      n.      On October 2, 2019, AWS sued Copper and Cobalt Operating, LLC a in Case No. D-1116-CV-2019-01577, *Aztec Well Servicing, Co., v. Copper Ridge Resources, LLC et. al.* in the Eleventh Judicial District Court of San Juan County, New Mexico.

  o. On October 14, 2019, AWS unsuccessfully attempted to hand-deliver a notice of Lien to the HLAD Service Address.

  p. On October 16, 2019, AWS mailed a Notice of Lien to HLAD's registered agent at P.O. Box 7539, Abilene, Texas, that was returned as "undeliverable."

  q. On November 4, 2019, AWS sued Copper, HLAD, Graphite Resources, LLC, and others in Cause No. 19-11-18252, *Aztec Well Servicing Co. v. Copper Ridge Resources LLC, et al*, in the 106th District Court of Gaines County, Texas seeking to foreclose its lien on the L.L. Butler # 3 well.

  r. On November 4, 2019, Triple S sued Copper, Halite, and others in Cause No. 19-11-18253 in the 106th District Court of Gaines County, Texas to recover the amounts owed to it for its work at the Maria 1X well.

  s. On November 10, 2019, an advertisement depicting Harrison and Mark Burkett (the "**Ad**" or "**Ads**") was placed in the Abilene Reporter-News and the Midland Reporter-Telegram (the "**Newspapers**").

  t. The cost of placing the Ads in the Newspapers was paid by AWS.

  u. On November 18, 2019, Harrison sent correspondence to AWS through Sandel, requesting the retraction of the Ads.

  v. The Ads were never retracted.

  w. Copper filed bankruptcy under Chapter 7 on October 31, 2020.

  x. Fusselman filed bankruptcy under Chapter 7 on November 25, 2020.

3. **Contested Issues of Fact**

   a. **Harrison**

   (1) Whether at all material times the Non-Roadrunner Defendants and Roadrunner acted as a joint enterprise?

       a. Whether an agreement, express or implied, existed between the members of the AWF?

       b. Whether the agreement involved a common purpose to be carried out?

       c. Whether there was a community of interest in that purpose among the members?

       d. Whether the members of the group had an equal right to voice the direction of the enterprise – equal right of control?

   (2) Whether the Ads were/are defamatory *per se*?

       a. Whether the Ads were/are defamatory?

       b. Whether the Ads were published?

       c. Whether the Ads state facts about Harrison?

       d. Whether the facts stated about Harrison in the Ads are not true?

       e. Whether Harrison was damaged as a proximate result of the publication of the Ads advertisements?

   (3) Whether and to what extent Harrison is entitled to recover damages against the Defendants, joint and severally?

   b. **Non-Roadrunner Defendants and Roadrunner**

   1. To the extent the Court determines the Ads are defamatory, whether AWS and/or Triple S acted with malice when they drafted, published, and authorized the Ads.

2.  To the extent the Court determines the Ads are defamatory, whether AWS and/or Triple S were negligent when they drafted, published, and authorized the ads.

3.  To the extent the Court determines the Ads are defamatory, whether (1) Roadrunner, (2) Totah, (3) Double M, and/or (4) Sandel, individually, published, and/or authorized the Ads.

4.  To the extent the Court determines the Ads are defamatory and Harrison's declaratory judgment cause of action is proper, whether (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner are vicariously liable for the alleged defamatory statements under a joint enterprise theory, including:

    a.  Whether an express or implied agreement between or amongst (1) AWS, (2) Triple, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner, exists;
    b.  If so, whether that agreement involved common purpose to be carried out by the parties to the agreement;
    c.  If so, whether there was a community of pecuniary interest in the common purpose among the parties to the agreement; and
    d.  If so, whether the parties to the agreement had an equal right to control the direction of the enterprise.

5.  Whether (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner conveyed any oral statements of fact of about the Plaintiff to third parties that were false, defamatory, and made with negligence or malice.

6.  Whether, and if so, to what extent Harrison is entitled to recover general damages from (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner.

7.  Whether, and if so, to what extent Harrison is entitled to recover special damages from (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner.

8. Whether, and if so, to what extent Harrison is entitled to recover exemplary damages from (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner.

**4. Contested Issues of Law**

    **a. Harrison**

1. Whether at all relevant times to this action the Non-Roadrunner Defendants and Roadrunner acted as a joint enterprise?

2. Whether Sandel is personally and jointly liable with (1) AWS, (2) Triple S, (3) Totah, (4) Double M, and/or (5) Roadrunner in his capacity as an officer and director (1) AWS, (2) Triple S, (3) Totah, (4) Double M, and/or (5) Roadrunner for the conduct of (1) AWS, (2) Triple S, (3) Totah, (4) Double M, and/or (5) Roadrunner?

3. Whether Harrison complied with the *Defamation Mitigation Act*, Tex. Civ. Prac. & Rem. Code Ann. § 73.052 ("**DMA**")?

    1) Whether Harrison made the request for retraction timely?

    2) Whether Harrison's request was legally sufficient?

    3) Whether (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner ignored their remedies under the DMA?

4. Whether the Litigation Privilege enables the Non-Roadrunner Defendants and Roadrunner to avoid liability to Harrison?

    **b. Non-Roadrunner Defendants and Roadrunner**

1. Whether Texas Civil Practice and Remedies Code § 73.001, the Defamation Mitigation Act, precludes Harrison's causes of action for libel and slander as against (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner.

2. Whether the Texas Defamation Mitigation Act precludes Harrison's attempted recovery of exemplary damages from (1) AWS, (2) Triple S, (3) Totah, (4) Double M, (5) Sandel, individually, and/or (6) Roadrunner.

3. Whether the statements within the Ads are defamatory.[5]

4. Whether the allegedly defamatory statements were true or false under the "substantial truth" test.[6]

5. Whether the allegedly defamatory statements are actionable statements of fact about Harrison.[7]

6. Whether the allegedly defamatory statements can be "fairly considered as relating to any matter of political, social, or other concern to the community" or that concern "a subject of legitimate news interest, that is a subject of general value and concern to the public," in whole or in part, such that they constitute a matter of public concern.[8]

7. Whether the allegedly defamatory statements are absolutely privileged because they were published in serious contemplation of or during the course of a judicial or quasi-judicial proceeding.[9]

8. Whether the Federal Declaratory Judgement Act creates a substantive cause of action such that Harrison's declaratory judgment cause of action seeking a declaration that Non-Roadrunner Defendants and Roadrunner are a joint enterprise is proper.

---

[5] *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018).
[6] *See e.g., Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 516-17 (1991), *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *Rogers v. Dallas Morning News, Inc.*, 889 S.W.2d 467, 472 (Tex. App.--Dallas 1994, writ denied) (citing *McIlvain v. Jacobs*, 794 S.W.2d 14, 15 (Tex. 1990)); *Delta Air Lines v. Norris*, 949 S.W.2d 422, 426 (Tex. App. – Waco 1997, pet. denied) (for the proposition that as a matter of law, the truth or falsity of a statement is determined by using the "substantial truth" test. Under that test, a statement is not considered false unless it would have a different effect on the mind of the average listener than a true statement would.)
[7] *See e.g., Campbell v. Clark*, 471 S.W.3d 615, 625 (Tex. App. – Dallas 2015, no pet).
[8] *Connick v. Myers*, 461 U.S. 138, 148 n. 7 (1983)
[9] *See e.g. , Shell Oil Co. v. Writt*, 464 S.W.3d 650 (Tex. 2015), *East Tex. Med. Ctr. Cancer Inst. v. Anderson*, 991 S.W.2d 55, 60 (Tex. App. – Tyler 1998, pet. denied.)

[PROPOSED] JOINT PRETRIAL ORDER – Page 10

### 5. Estimated Length of Trial

Plaintiff estimates the jury trial of this action will take five days, whereas the defending parties estimate the jury trial will take three or four days.

### 6. Additional Matters That May Aid in the Disposition of the Trial

The Court's rulings on the Parties' pending summary judgment motions, expert objections, and motion to strike will impact what, if any, issues remain for trial. The following motions are fully briefed and awaiting the Court's ruling.

a. Filed on April 16, 2021:
   i. Roadrunner's *Motion for Summary Judgment* (Dkt. Nos. 99, 100, 101, 115, 116, 117, 119, & 120).

b. Filed on July 28, 2021:
   i. Harrison's *Motion Partial Summary Judgment* against AWS and Triple S (Dkt. Nos. 135, 136, 137, 166, 167, 168, & 175);

   ii. Harrison's *Objection and Motion to Strike Defendants' Expert Witness Report Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), and to Exclude Testimony Pursuant to Federal Rule of Evidence 702 and Federal Rule of Evidence 403* (Dkt. Nos. 138, 139 (sealed), 171, 172, 173 (sealed), 174, & 179);

   iii. Non-Roadrunner Defendants' *Motion to Exclude Testimony of Plaintiff's Expert Jacob Adams* and Roadrunner's motion for joinder, therein (Dkt Nos. 140 (sealed), 141, 169, 170 (sealed), 171, 177, & 178).

   iv. Defendants AWS and Triple S's *Motion for Summary Judgment* (Dkt. Nos. 155, 156, 157, 184, 185, 186, & 197).

   v. Totah and Double's *Motion for Summary Judgment* (Dkt. Nos. 158, 159, 160, 164, 187, 188, 189, & 198).

   vi. Sandel's *Motion for Summary Judgment* (Dkt. Nos. 161, 162, 163, 181, 182, 183, 196, & 199).

Signed _____, 2021.

                                                          _____
                                                          JAMES WESLEY HENDRIX
                                                          UNITED STATES DISTRICT JUDGE

**AGREED AND JOINTLY SUBMITTED**:

**AKERLY LAW PLLC**

By: */s/ Bruce W. Akerly*
 Bruce W. Akerly
 Texas Bar No. 00953200
 Robert N. Loughran
 Texas Bar No. 24111197

878 S. Denton Tap Rd., Suite 100
Coppell, Texas 75019
469-444-1878 telephone
469-444-1801 facsimile
bakerly@akerlylaw.com
rloughran@akerlylaw.com

ATTORNEYS FOR PLAINTIFF
STACEY HARRISON


**COTTON, BLEDSOE, TIGHE & DAWSON**

By: */s/ David Lauritzen*
 David Lauritzen
 Texas Bar No. 00796934
 Olivia G. Stedman
 Texas Bar No. 24121146
 Tyler J. Eyrich
 Texas Bar No. 24101741

Cotton, Bledsoe, Tighe & Dawson
P.O. Box 2776
Midland, Texas 79702-2776
432-684-5782 telephone
432-682-3672 facsimile
dlauritzen@cbtd.com
ostedman@cbtd.com
teyrich@cbtd.com

ATTORNEYS FOR DEFENDANTS AZTEC WELL SERVICING CO., TRIPLE S TRUCKING, INC., TOTAH RENTAL AND EQUIPMENT CO., DOUBLE M MUD CO., AND JASON SANDEL

**LASATER & MARTIN, P.C.**

By:   */s/ Thera A. Cooper*

    Janet B. Martin
    Texas Bar No. 02062000
    Thera A. Cooper
    Texas Bar No. 24097532

5605 N. MacArthur Blvd., Ste. 320
Las Colinas, Texas 75038
Janet B. Martin: 303-730-3900
Thera A. Cooper: 972-587-0465
Facsimile: 972-525-5327
Janet@LasaterandMartin.com
Thera@LasaterandMartin.com

ATTORNEYS FOR DEFENDANT ROADRUNNER FUELS, INC.