UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

STACEY HARRISON,

    Plaintiff,

v().  No. 1:20-CV-038-H

AZTEC WELL SERVICING CO., INC.,
et al.,

    Defendants.

# ORDER

In anticipation of the pretrial conference, the Court issues the following order regarding the parties' deposition designations and objections to deposition designations. Dkt. Nos. 220, 223, 228, 254. The Court previously informed the parties that, despite their obligation to make reasonable efforts to agree on admissibility of deposition designations, extensive disagreement remained. Dkt. 279. The Court is certain the parties are working now to reach agreement regarding admissibility and to limit the remaining objections. To aid in that effort and to assist the Court in resolving any remaining objections, the Court orders the following.

No later than 8:30 a.m. on January 21, 2022, the parties must file amended deposition designations and objections to the opposing party's deposition designations. In the amended deposition designations, the offering party must explain for each witness why the proposed deposition testimony is admissible under Rule 32(a). For example, two deposition witnesses listed on the defendants' witness list reside in Abilene, Texas, and are not more than 100 miles from the Abilene courthouse. Fed. R. Civ. P. 32(a)(4)(B). It is not apparent to the Court why those witnesses would be unavailable under Rule 32. And plaintiff's witness list and deposition designations does not include addresses or an

explanation of why the proposed deposition testimony is admissible. An explanation of admissibility must be provided for each proposed deposition. If either party decides to call a witness live instead of by deposition, the party must provide notice of that decision. The Court does not, however, need updated or amended binders of the proposed deposition testimony.

Additionally, for any remaining objections to any deposition designations, the amended objections must do more than identify the rule of evidence that the party believes should exclude the testimony. Rather, each objection must provide an explanation why the rules should exclude the identified testimony. In addition to filing the amended objections, the parties must send a copy in Word format to Hendrix_Orders@txnd.uscourts.gov. The Court will resolve the parties' remaining deposition-designation objections by written order no later than Friday evening.

So ordered on January 19, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE