UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| STACEY HARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>AZTEC WELL SERVICING CO., INC., et al.,<br><br>    Defendants. | No. 1:20-CV-038-H |

### ORDER

Before the Court are the plaintiff's and the defendants' amended objections to designations of deposition testimony. Dkt. Nos. 294, 298. The Court's resolution of the parties' objections is detailed in the attached charts.

So ordered on January 21, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

| DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS | | |
|---|---|---|
| **NORTON** | | |
| *Testimony* | *Objections* | *Ruling:* |
| 22:23-24:24 | Object to 22:23-24:9 because proper predicate was not laid to allow the witness to testify as to this alleged job description, and no predicate was laid as to his personal knowledge. See FRE 701, 702, 703; | OVERRULED |
| | Object to 23:25-24:9 as speculation. | OVERRULED |
| 27:14-29:6 | Object to 28:6-29:6 because the statements contain inadmissible hearsay not subject to any exception. See FRE 801, 802, 803; | SUSTAINED |
| | Object to 28:6-29:6 as speculation. | OVERRULED |
| 30:5-33:25 | Object to 32:24-33:25 as speculation; | OVERRULED |
| | Object to 32:14-23 because it is unnecessarily cumulative as to the advertisements. The witness reading the text of the advertisement is unnecessarily cumulative as the advertisements will be discussed at length and admitted as exhibits; See FRE 401, 402, 403; | OVERRULED |
| | Object to 32:24-33:25 as the prejudice outweighs any probative value because the witness's opinions and assumptions as to the meaning of the ad does not have any tendency to make a fact more or less probable and is not of consequence for the jury's determination of the meaning. See FRE 401, 402, 403. | OVERRULED |
| 35:4-24 | Object to 35:4-24 as speculation; | OVERRULED |
| | Object to 35:4-24 as the prejudice outweighs any probative value because the witness speculating as to the reasonability of the advertisement or his speculation as to the result of the advertisement does not have any tendency to make a fact more or less probable. See FRE 401, 402, 403; | OVERRULED |
| | Object to 35:4-24 as an incomplete hypothetical. | OVERRULED |
| 38:20-42:21 | Object to 40:15-19 as speculation; | OVERRULED |
| | Object to 40:20-22 as sidebar; | SUSTAINED |
| | Object to 40:23-41:1 because counsel struck his own question; | SUSTAINED |
| | Object to 40:15-41:1 as not relevant because the witness stated he did not know the person about whom Plaintiff's counsel was inquiring. See FRE 401, 402, 403; | SUSTAINED |
| | Object to 41:19-20 because counsel struck his own question; | SUSTAINED |
| | Object to 41:21-42:10 as a compound question and speculation. | OVERRULED |
| **CAMPBELL** | | |
| *Testimony* | *Objections* | *Ruling:* |
| 20:2-20:15 | Object to 20:2-15 as not relevant because the witness indicates he did not have knowledge of the questions asked. See FRE 401, 402, 403. | OVERRULED |

- 2 -

| DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS | | |
|---|---|---|
| **JARRET** | | |
| *Testimony* | *Objections* | *Ruling:* |
| 14:19-18:10 | Object to this designated testimony because Plaintiff attempts to cut off the witness in the middle of an answer in the middle of page 18. Pursuant to FRE 106, it is fair that lines 27:19-28:11 are included and presented to the jury as a full and complete answer. The jury should be presented with this testimony so that it is properly contextualized and the jury can decide what weight, if any, to give the witness' testimony. | SUSTAINED. The Court assumes that the defendants seek to include lines 18:11-19:15 rather than 27:19-28:11. |
| 31:22-32:13 | Pursuant to FRE 106, lines 32:14-15 should be included to indicate what the witness believed and was told that Plaintiff was involved with Mr. Burkett on the well at issue at this point in questioning. Plaintiff cutting off the next lines misrepresent the witness' testimony and his belief that that Plaintiff and Mr. Burkett were partners. The jury should be presented with this testimony so that it is properly contextualized and the jury can decide what weight, if any, to give the witness' testimony. | SUSTAINED |
| 34:11-35:11 | Object to 35:11 because this designation only contains a question and no answer from the witness. | SUSTAINED |
| 54:7-56:9 | Object to 54:7-14 because it only is counsel reading a hearsay document to the witness (email from Mark Burkett to deponent) and the witness confirming that counsel properly read the document. Counsel's reading ability does not have any tendency to make a fact more or less probable and is not of consequence for determining the action. Additionally, the value of this testimony is substantially outweighed by wasting time and undue delay. See FRE 401, 402, 403. Moreover, Mr. Burkett's statements, conclusions, legal conclusions, and speculation as to the deponent's conduct involves legal conclusions expert testimony that has not been established pursuant to the Rules of Evidence. See FRE 701, 702, 703. Additionally, this is simply an attempt to include a hearsay document, not subject to any permissible exception. See FRE 801, 802, 803.<br><br>In the alternative, should the Court overrule Defendants' objection, pursuant to FRE 106 lines 53:22-54:6 to include context that the email at issue is from Mark Burkett and to include 56:10-11 to include answer that Plaintiff owes money the deponent. The jury should be presented with this testimony so that it is properly contextualized and the jury can decide what weight, if any, to give the witness' testimony. | SUSTAINED |
| 58:1-59:10 | Object to 58:1-3 because Plaintiff's designation starts with an answer without any question to the deponent. | SUSTAINED |
| **DOWDEN** | | |
| *Testimony* | *Objections* | *Ruling:* |
| 8:18-11:4 | Object to 10:16-24 because the witness' opinion as to what he believes is a "consultant" in the oil and gas industry does not have any tendency to make a fact more or less probable and is not of consequence for determining the action. Additionally, the minimal value of this testimony is substantially outweighed by wasting time and undue delay because the deponent's subjective opinion does not provide significant value to the jury. See FRE 401, 402, 403. Additionally, Dowden has not been certified as an expert in the oil and gas industry, let alone establish that he knows all of the terminology or can speak for the "industry." See FRE 701, 702, 703. Moreover counsel appears to be asking for a legal conclusion for an undefined, vague and ambiguous term. | OVERRULED |
| 15:19-15:20 | Objection because the designation starts in middle of an answer without any question. | SUSTAINED, BUT OVERRULED IF PLAINTIFF WISHES TO PLAY 15:9-11 AND 15:18-20. |
| 17:4-17:22 | Object to 17:4-7 because the designation starts in middle of an answer without any question. | SUSTAINED, BUT OVERRULED IF PLAINTIFF WISHES TO PLAY 17:2-22 |
| 18:2-18:15 | Pursuant to the Court's Order dismissing Plaintiff's slander claim, Defendants object and the Court should not allow Plaintiff to attempt to introduce any of this testimony about alleged phone calls or the purported contents of same. | OVERRULED |

| | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS** | |
|---|---|---|
| 23:20-24:4 | Object to 23:20-24 because the designation starts in middle of an answer without any question. | SUSTAINED, BUT OVERRULED IF PLAINTIFF WISHES TO PLAY 23:15-24:4 |
| 27:12-27:15 | Object to 27:12-15 because the designation starts in middle of an answer without any question. In the alternative, Pursuant to FRE 106, the Court should include lines 26:25-27:11 for clarity. Plaintiff is attempting to introduce the middle of a line of testimony, without the proper contextualization for the jury. Specifically, line 27:13 refers to a "list," but the list is properly explained and contextualized in in lines 26:25- 27:11. In fairness, the jury should be presented with this testimony so that it is properly contextualized and the jury can decide what weight, if any, to give the witness' testimony. Without this inclusion, the jury is hopeless to determine what the "list" is. | SUSTAINED |
| 31:24-32:6 | Pursuant to Rule 106, the Court should include lines 32:7-12 for clarity. Specifically, the jury should be provided information that the witness had no knowledge regarding whether or not Plaintiff had an interest in Copper Ridge or on the well that the deponent performed services. Given that Plaintiff questioned the witness on the deponent's understanding of Plaintiff's role, the jury should be also informed that he lacks any personal knowledge of the pecuniary interest, if any, that Plaintiff had in Copper Ridge or the well. In fairness, the jury should be presented with this testimony so that it is properly contextualized and the jury can decide what weight, if any, to give the witness' testimony. | SUSTAINED |

| DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS | | |
|---|---|---|
| **LAWSON** | | |
| *Testimony* | *Objections* | *Ruling:* |
| 33:12-18 | Object to 33:12-18 as not relevant because the proposed testimony about a company's decision, without testimony indicating how it is related to this case, does not have any tendency to make a fact more or less probable and is not of consequence for determining the action. See FRE 401, 402, 403; | OVERRULED |
| | Object to 33:12-18 as it contains inadmissible hearsay. See FRE 801, 802, hearsay; | OVERRULED |
| | Object under FRE 106 as this testimony should also include 32:25-33:11 because the current designation does not include the entire question and context. In fairness, the jury should be given the context as to the decision making procedures within the company to understand the decisions were approved or denied by Tony Bellina as to all clients or customers brought into the business. | SUSTAINED |
| 34:17-35:11 | Object under FRE 106 as this testimony should also include 35:22-36:8 because Plaintiff indicates testimony that the witness considered Plaintiff to be a company man but refrained from including the subsequent testimony as to the witness's understanding of the Plaintiff's role as the company man and his relationship with the operator. In fairness, the jury should be allowed to also hear the testimony as to the witness's understanding of Plaintiff's role with the company and his ownership interest ; | OVERRULED |
| | Object to 34:21-35:4 as proper predicate was not laid to allow the witness to testify as to this alleged job description; See FRE 701, 702, 703. | OVERRULED |

|  | | | |
|---|---|---|---|
| **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS** | | | |
| **BREWSTER** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 11:14 – 13:1 | Relevance, hearday, foundation, lack of personal knowledge, and speculation | To the extent the Court believes testimony regarding Fussleman or Zircon is relevant, Plaintiff objects to the testimony regarding his friend's intentions, a deal he was not a party to and not sure how it worked out. Further, to the extent he does have personal knowledge he testifies that Zircon was a party to the deal, not Harrison personally. | OVERRULED |
| 16:20 - 18:06 | relevance, foundation, lack of personal knowledge, not qualified, speculation | To the extent the court believes testimony regarding Mark Burkett is relevant, Plaintiff objects to the testimony regarding Mark's financial background for lack of personal knowledge or evidence in the record to support the foundation for the question and answer.<br>Further, the witness does not know anything about "the deal with Aztec." To the extent the Defendants intend to offer this testimony to demonstrate the Advertisements were truthful, or to impute Harrison had a sullied reputation prior to the Advertisements Plaintiff asserts these objections. | OVERRULED |
| 21:10 - 21:22 | relevance, foundation, not qualified, lack of personal knowledge, speculation | To the extend the Court believes testimony regarding the actions of service contractors on the Jones Ranch project after the Advertisements came out is relevant, Plaintiff objects to the witnesses testimony as the answers make it clear he has no personal knowledge regarding the subject of this line of questioning | SUSTAINED |
| 23:05 - 23:15 | relevance | The testimony is not probative to the fact at bar. | OVERRULED |
| 26:21 - 27:06 | foundation, not qualified, lack of personal knowledge, improper lay opinion | To the extent the Court believes the success or failure of the Jones Ranch project is relevant, Plaintiff objects to witness's lack of personal knowledge and speculating to come to his unqualified lay opinion regarding the results of the drilling project. | OVERRULED |
| 37:09 – 39:11 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believes the success or failure of the Jones Ranch project is relevant, Plaintiff asserts these objects as the witness testifies he does not know what caused the delays. Further, the testimony is regarding Mark's background and not relevant to the issues at bar. | OVERRULED |
| 39:20 - 40:20 | relevance, hearsay, foundation, not qualified, speculation, lack of personal knowledge | Relies on hearsay and lacks personal knowledge regarding the assertions made. | OVERRULED EXCEPT AS TO 40:2-40:3 |
| 42:13 - 43:10 | Relevance, foundation, hearsay, lacks personal knowledge | The witnesses' testimony is regarding Mark, not Harrison. To the extent any of the testimony is relevant it relies on speculation and impermissible hearsay. | SUSTAINED |
| 44:11 - 46:04 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believes the financial relationship of Mark or Harrison is relevant, Plaintiff objects as there is no foundation that money was owed by Harrison on the Jones Ranch project. The witness testifies he has no knowledge of the arrangements between the operator, Zircon, and the service contractor. To the extent the testimony is relevant it relies on impermissible hearsay and speculation. The entire line of questioning is regarding topics in which the witness lacks personal knowledge, including who would be responsible for any purported debts owed. | SUSTAINED |

| | PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS | | |
|---|---|---|---|
| 47:17 - 48:24 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Jones Ranch project is relevant, Plaintiff objects to the witness's lack of personal knowledge as to why the service contractors rigged down and relies on speculation as to the agreements on the Jones Ranch projects. The line of questioning lacks foundation and is unsupported by the record. | OVERRULED |
| 55:04 - 55:15 | Relevance, foundation, lack of personal knowledge | The conversation between Mark and F and S is not relevant to the facts of this case. To the extend the Court deems they are, Plaintiff objects to the lack of foundation to support this testimony and reliance on impermissible hearsay. | SUSTAINED AS TO 55:8-55:15 |
| 56:03 - 56:16 | Relevance and optional completeness | To the extent the Court believes testimony regarding the witnesses feelings about being associated with non-parties is relevant, Plaintiff objects to Defendants' omissions. | SUSTAINED, BUT OVERRULED IF PLAINTIFFS WISH TO PLAY 56:03-56:21 |
| 56:24 - 57:07 | Relevance, foundation, not qualified, lack of personal knowledge, hearsay | To the extent the Court believes Mark's out of court assertions regarding the Jones Ranch project is relevant, Plaintiff objects to the inadmissible hearsay, the testimony is a lay opinion which is more likely to confuse the jury than provide probative information, and does not rely on personal knowledge regarding the subject matter of the testimony. | SUSTAINED AS TO 57:3-57:7 |
| 58:20 - 59:17 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believe purported debt on the Jones Ranch Project is relevant, Plaintiff objects to the testimony to the extent it relies on impermissible hearsay, the foundation to support the assertions in the testimony has never been laid. | OVERRULED |
| 60:07 - 60:15 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believe purported debt on the Jones Ranch Project is relevant, Plaintiff objects to the testimony to the extent it relies on impermissible hearsay, the foundation to support the assertions in the testimony has never been laid. | OVERRULED |
| 62:21- 63:9 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believes any purported transfer of interest to a company owned by Harrison is relevant, the witness lacks personal knowledge regarding this line of questioning and it is unsupported by the record. | SUSTAINED |
| 64:22 - 65:03 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believes Mark's out of court assertions regarding the Jones Ranch project is relevant, Plaintiff objects to the inadmissible hearsay, the testimony is a lay opinion which is more likely to confuse the jury than provide probative information, and does not rely on personal knowledge regarding the subject matter of the testimony. | SUSTAINED |
| 65:09 - 65:21 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believes the financing of the Jones Ranch project is relevant, the testimony is speculative. He states he was simply assuming, has no documents, and no information on the amount actually owed. | SUSTAINED |
| 66:05 - 66:07 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court believes the financing of the Jones Ranch project is relevant, the testimony is speculative. He states he was simply assuming, has no documents, and no information on the amount actually owed. The question also lacks foundation as the record is devoid of evidence demonstrating Harrison was responsible for these debts. | SUSTAINED |

| PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS | | | |
|---|---|---|---|
| 66:14 - 67:09 | relevance, foundation, speculation, lack of personal knowledge, 403 | To the extent the Court believe purported debt on the Jones Ranch Project is relevant, Plaintiff objects to the testimony as it relies on speculation, lacks foundation to support the line of questioning and more likely to confuse the jury than to provide any probative information to the facts at bar. The witness testifies he lacks the knowledge to support the line of questions | SUSTAINED AS TO 67:6-67:9 |
| 67:11 - 67:19 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent to Court finds this relevant, the witness lacks personal knowledge of the relationship and is speculating. | OVERRULED |
| 68:01 - 68:10 | relevance, foundation, not qualified, speculation, lack of personal knowledge | The testimony is irrelevant to the case. It is clear speculation and admission of lacking personal knowledge regarding the facts to which he is testifying. | OVERRULED |
| **BUSTAMANTE** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 18:16 - 19:07 | relevance, foundation, not qualified, speculation, lack of personal knowledge | To the extent the Court finds the testimony to be relevant the witness lacking personal knowledge regarding the facts to which he is testifying and there is no foundation to support this line of questioning. Further, it is an improper opinion as to the legal relationship between Harrison and a non-party. | SUSTAINED |
| 19:13 - 20:22 | relevance | To the extent the Court finds the witness's business dealings with Mark as relevant to the case, Plaintiff objects. The case is about the truth of the Advertisement, this testimony is not probative to support the issuing remaining in this case. | OVERRULED |
| 21:04 - 21:19 | relevance, foundation, not qualified, speculation, lack of personal knowledge, hearsay (FRE 803) | To the extent the Court believes testimony about the impact of the Advertisements is relevant, the Plaintiff objects that he has no personal knowledge and is reliant on hearsay. | OVERRULED AS TO 21:17-21:19 |
| 22:02 - 22:22 | relevance, foundation, not qualified, speculation, lack of personal knowledge, hearsay (FRE 803) | To the extent the Court believes testimony about the impact of the Advertisements on Mark is relevant, the Plaintiff objects that he has no personal knowledge regarding the line of questioning | SUSTAINED |
| 27:23 - 30:04 | relevance, foundation, not qualified, speculation, lack of personal knowledge, hearsay (FRE 803) | The testimony is not relevant or probative to the questions that will be prosented to the jury. The witness is relying on hearsay and speculation in answering the questions. | SUSTAINED |
| 32:22 - 33:07 | relevance, foundation, not qualified, speculation, lack of personal knowledge, hearsay (FRE 803) | To the extent to Court finds the issue of whether Mr. Bustamante believed Harrison and Burkett were partners, the witness is offering a unqualified lay opinion on the issue, without personal knowledge. | SUSTAINED |
| **DOWDEN** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 21:19 - 23:01 | relevance | The testimony regarding a debt owed by Copper Ridge is not relevant to whether the Advertisements were true as to Stacey Harrison. Such testimony is likely more prejudicial than probative and likely to confuse the jury. | SUSTAINED AS TO 22:21-23:1 |
| 23:15 - 26:07 | relevance | The testimony regarding a debt owed by Copper Ridge is not relevant to whether the Advertisements were true as to Stacey Harrison. Such testimony is likely more prejudicial than probative and likely to confuse the jury | SUSTAINED AS TO 24:7-24:16; 24:25-26:07 |
| **JARRETT** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 12:14-15:10 | relevance foundation, hearsay, | The testimony is not relevant and a non- responsive narrative regarding Mark Burkett, not Stacey Harrison. To the extent the Court deems it is relevant, the witness is relying on out of court statements as impermissible hearsay. | OVERRULED |

- 8 -

| | **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS** | | |
|---|---|---|---|
| 17:15-19:15 | relevance foundation, hearsay | The testimony is not relevant and a non- responsive narrative regarding Mark Burkett, not Stacey Harrison. To the extent the Court deems it is relevant, the witness is relying on out of court statements as impermissible hearsay. | OVERRULED |
| 21:24-22:22 | Relevance | The testimony is regarding a conversation between the witness and Mark and not relevant or probative to the facts. | OVERRULED |
| 23:12-23:21 | Relevance, speculation | The testimony is regarding a debt owed by Copper Ridge, a company not owed by Harrison and speculated on whether the witness would continue to do business with them based on an incomplete hypothetical. | SUSTAINED |
| 25:17-25:22 | Relevance | The testimony is regarding Copper Ridge and Mark and not relevant to the case regarding Stacey Harrison. | OVERRULED |
| 26:1-26:16 | Relevance lacks foundation, | The testimony is regarding Mark Burkett, and there is no evidence in the record as foundation for the line of questioning or responses. | OVERRULED |
| 28:2-31:21 | relevance, foundation, not qualified, speculation, lack of personal knowledge, hearsay, improper opinion, legal conclusion | The testimony is regarding the witness's belief on the ownership of Fussleman is not relevant to the case. Further, the witness testifies he has no personal knowledge on this relationship and is speculating. The witness is offering an improper legal opinion without proper foundation regarding the subject matter of this line of questioning. | OVERRULED EXCEPT AS TO 31:11-31:21 |
| 32:8-33:10 | relevance, foundation, not qualified, speculation, lack of personal knowledge, hearsay, | The testimony is regarding Mark Burkett, and there is no evidence in the record as foundation for the line of questioning or responses. Further, it relies on impermissible hearsay. | SUSTAINED |
| 37:7-37:16 | relevance | This section is non-responsive and not relevant to the issues in the case. | SUSTAINED |
| 40:22-42:1 | relevance | The testimony regarding an agreement between Mark and the witness is not relevant to whether the advertisements were true at the time of being published. | |
| 42:12-46:14 | relevance, foundation, not qualified, speculation, lack of personal knowledge, hearsay, improper opinion, legal conclusion | The testimony is not relevant to the facts of the case. It relies on impermissible hearsay, calls for a legal conclusion and lacks the foundation | SUSTAINED AS TO 42:12-42:22; OVERRULED AS TO 42:23-46:14 |
| 48:1-49:4 | relevance, foundation, not qualified, speculation, lack of personal knowledge, | The testimony is not relevant to the facts of the case and lacks personal knowledge. Specifically, the witness states he does not know what the relationship was. Thus, this testimony is more likely to be confusing than probative. | OVERRULED EXCEPT AS TO 48:18-49:4 |
| 56:12-56:16 | Relevance, lacks personal knowledge, optional completeness | To the extent to Court finds the debts of Fusselman relevant, Plaintiff objects to the lack of personal knowledge and optional completeness. Specifically, Defendants intentionally exclude the next lines where the witness states he does not know who owns or controls Fusselman. The designation is intended to confuse the facts and the jury instead of providing probative information. | OVERRULED ON THE CONDITION THAT 56:19-56:22 ARE PLAYED; OTHERWISE, SUSTAINED |
| 57:2-57:20 | Relevance | The testimony is regarding Mark Burkett and not Stacey Harrison | SUSTAINED |
| 62:5-63:22 | Relevance, hearsay, lacks personal, speculation, knowledge | To the extent the Court deems any of this relevant, the witness states he does not remember of recall the call. He is merely speculating that Stacey Harrison sold something to pay $25,000. | SUSTAINED AS TO 62:9-63:5 |
| 63:23-67:1 | Relevance, foundation, speculation, lacks personal knowledge, hearsay | To the extent to Court finds the testimony relevant, the line of questioning lacks foundation, contains an improper narrative that lacks personal knowledge and contains impermissible hearsay. | SUSTAINED EXCEPT AS TO 65:11-65:15; 66:19-67:1 |

| PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS | | | |
|---|---|---|---|
| 67:25-68:24 | Relevance, foundation | To the extent to Court finds the debts of Fusselman relevant, Plaintiff objects to the lack of foundation for this testimony | OVERRULED |
| 69:12-69:17 | Relevance, hearsay | The testimony is an improper narrative, that is not relevant. | SUSTAINED AS TO 69:15-69:17 |
| **LAWSON** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 15:3-15:7 | relevance foundation, | To the extent to Count finds this testimony relevant the testimony lacks foundation to support the assertion his company owed money. | OVERRULED |
| 15:25-17:22 | Relevance | The testimony is regarding debts owed by Copper Ridge to a non-party and Mark Burkett. The testimony is not relevant to whether the Advertisement was true. | OVERRULED |
| 20:20-23:6 | Relevance , foundation | The testimony is regarding service contracts that have payment issues with Copper Ridge. To the extent this is relevant, proper foundation has not been laid to impute these debts onto Mr. Harrison | OVERRULED |
| 25:7-25:22 | Relevance, speculation, foundation, personal knowledge | To the extent the testimony is deemed relevant, the witness lacks personal knowledge and is speculating as to Mr. Harrison's role. | OVERRULED |
| **MARTIN** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 11:21-12:21 | relevance foundation, | To the extent to Count finds this testimony relevant the testimony lacks foundation to support the assertion Mark's company owed money to the witness. Further, no foundation has been provided to impute these debts onto Harrison | OVERRULED |
| 13:1-14:14 | relevance foundation, | To the extent to Count finds this testimony relevant the testimony lacks foundation to support the assertion Mark's company owed money to the witness. Further, no foundation has been provided to impute these debts onto Harrison | OVERRULED |
| 14:25-15:16 | relevance foundation, | To the extent to Count finds this testimony relevant the testimony lacks foundation to support the assertion Mark's company owed money to the witness. Further, no foundation has been provided to impute these debts onto Harrison | OVERRULED |
| 18:9-19:4 | Relevance, lack of personal knowledge | To the extent to Count finds this testimony relevant the testimony lacks any personal knowledge as to Harrison. | OVERRULED |
| 21:13-22:17 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds this testimony relevant the testimony lacks any personal knowledge as to Harrison. | SUSTAINED |
| 34:17-35:14 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds this testimony relevant the testimony lacks any personal knowledge as to Harrison. | OVERRULED |
| **NORTON** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 12:20-13:15 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds this testimony relevant the testimony lacks any personal knowledge as to Harrison. | SUSTAINED AS TO 12:20-13:9 |
| 47:14-48:20 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds this testimony relevant the testimony lacks any personal knowledge as to Harrison's role. | SUSTAINED |
| 49:3-49:11 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds this testimony relevant the testimony lacks any personal knowledge as to Harrison's role. | SUSTAINED |

| PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS | | | |
|---|---|---|---|
| **SCOTT** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 11:7-22:6 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds the testimony relevant the testimony lacks personal knowledge as to Harrison's role in the company relies on impermissible hearsay, and lacks foundations for the wild assertion regarding shell companies. This testimony would be extremely prejudicial and offer no probative value. | SUSTAINED EXCEPT AS TO 11:7-11:11; 11:17-13:4; 14:14-16:3; 17:8-17:19; 21:17-22:6 |
| 23:3-24:7 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds the testimony relevant the testimony lacks any personal knowledge as to Harrison's role in the company, relies on impermissible hearsay, and lacks foundations to support any assertion as to Harrison | SUSTAINED |
| 25:20-26:17 | Relevance | This case is about whether the advertisements were true and the damages sustained by them. This purported meeting is not relevant to the facts at issue. | SUSTAINED |
| 32:9-33:9 | Relevance | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. | SUSTAINED |
| 33:15-34:2 | Relevance | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. | OVERRULED |
| 39:3-41:2 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds the testimony relevant the testimony lacks any personal knowledge as to Harrison's role in the company, relies on impermissible hearsay, and lacks foundations to support any assertion as to Harrison | SUSTAINED |
| 41:16-43:2 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds the testimony relevant the testimony lacks any personal knowledge as to Harrison's role in the company, relies on impermissible hearsay, and lacks foundations to support any assertion as to Harrison | SUSTAINED |
| **STEWART** | | | |
| *Testimony* | *Objections* | *Basis* | *Ruling:* |
| 12:10-13:4 | Relevance, lack of personal knowledge, foundation | To the extent to Count finds the testimony relevant the testimony lacks any personal knowledge as to Harrison's role in the company and his legal relationship to Mark Burkett | OVERRULED |
| 13:14-14:19 | Relevance, lack of personal knowledge, foundation, hearsay | To the extent to Count finds the testimony relevant the testimony lacks any personal knowledge as to Harrison's role in the company and his legal relationship to Mark Burkett. Further, the testimony relies on hearsay | SUSTAINED |
| 15:23-18:7 | Relevance, lack of personal knowledge, foundation, hearsay | To the extent to Count finds the testimony relevant the testimony lacks any personal knowledge as to Harrison's role in the company and his legal relationship to Mark Burkett. Further, the testimony relies on hearsay | OVERRULED |
| 18:25-19:25 | Relevance | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. | SUSTAINED AS TO 19:17-19:25 |
| 20:11-21:20 | Relevance | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. | SUSTAINED |
| 22:5-24:24 | Relevance | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. | SUSTAINED AS TO 22:5-24:3 |

| | PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS | | |
|---|---|---|---|
| 25:22-27-11 | Relevance | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. | OVERRULED |
| 32:9-33:10 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 36:16-36-21 | Relevance, lack of foundation, lack of personal knowledge | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 40:3-40:23 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 42:7-42:11 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 46:11-48:9 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 49:8-50:2 | Relevance, lack of foundation, hearsay | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 51:21-52:24 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 54:8-57:8 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | SUSTAINED |
| 57:13-60:7 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 71:18-72:23 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 78:11-79:19 | Relevance, lack of foundation, hearsay | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |
| 80:9-80:17 | Relevance, lack of foundation | This case is about whether the advertisements were true and the damages sustained by them. This testimony is irrelevant to the facts at issue. There is no record to support the testimony provided. | OVERRULED |