UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

STACEY HARRISON,

    Plaintiff,

v.

AZTEC WELL SERVICING CO., et al.,

    Defendants.

No. 1:20-CV-038-H

## FINAL PRETRIAL ORDER

1. **Summary of the Claims and Defenses of Each Party**

   A. **Harrison**

Harrison asserts causes of action for libel against Defendants arising from two WANTED POSTER styled advertisements that were placed in the Midland Reporter-Telegram and Abilene Reporter-News newspapers on November 10, 2019. In its *Memorandum Opinion and Order on Summary Judgment* ("**MO**;" Dkt. No. 235), the Court notes that "[t]o recover for defamation, a private plaintiff must prove that the defendant (1) published a statement, (2) that was defamatory to plaintiff, (3) while acting negligently as to the truth of the statement" (MO at 15, citations omitted). Harrison contends the Court has found that all conditions precedent to bringing this action have been satisfied and all of the above elements have been established by Harrison, as a matter of law. Alternatively, Harrison contends that if any issue remains for trial on which he has the burden, which he believes is not the case, it would be whether factual statements in the offensive ads were made by Defendants "while acting negligently as to the truth of the statement[s]." It is not Harrison's burden to establish the factual statement are false. Rather it is Defendants' burden to prove they are true. Defendants have waived all defenses in this action.

Therefore, Defendants cannot defeat Harrison's claim of defamation. The only issue for trial should be what damages, presumed, were proximately caused by the advertisements and whether exemplary damages should be awarded.

### B. Defendants

Harrison's libel cause of action against Defendants fails as a matter of law. AWS and Triple S are not liable to Harrison because the allegedly defamatory advertisements contained only true statements,[1] were not made negligently, were not with malice or ill-will, and were not defamatory to Harrison. Finally, Harrison cannot establish that he suffered any damages as a result of the allegedly defamatory advertisements. In relation to damages in a defamation *per se* context, general damages may be presumed.[2] "General damages include non-economic losses, such as mental anguish and loss of reputation."[3] Plaintiff dropped mental anguish damages in its live pleading, so Plaintiff should not be able to present evidence or seek damages on this category of damages.[4] Additionally, "a nominal sum may be awarded without proof of damages, but amounts exceeding nominal damages require evidentiary support. Special damages, which represent specific economic losses, are never presumed and must always be proven."[5] Plaintiff bears the burden to establish whether he is entitled to general, special, and/or punitive damages and must do so with admissible evidence. Pursuant to the Defamation Mitigation Act, Plaintiff must prove

---

[1] Dkt. No. 84 at ¶ 86 (Defendants pleaded the affirmative defense of truth).
[2] *See, e.g., Anderson v. Durant*, 550 S.W.3d 608, 618 (Tex. 2018).
[3] *Id.*
[4] *Compare* Dkt. No. 77 *with* Dkt. No. 58.
[5] *Anderson*, 550 at 618.

malice as to each Defendant, otherwise he is prevented from the recovering exemplary damages against Aztec Well Servicing Co., Triple S, and/or Sandel, individually.

### C. Stipulated Facts

a. Harrison is married to Wanda Harrison (Mrs. Harrison).

b. Harrison Lease Acquisition and Development, Inc. (HLAD) is a Texas corporation formed on July 20, 2007.

c. Harrison owns half of HLAD.

d. Harrison is a director and President of HLAD.

e. Mrs. Harrison is an owner of HLAD.

f. Mrs. Harrison has been the registered agent for HLAD since July 17, 2009.

g. HLAD's registered agent's address in 2019 was 5125 Crystal Creek Abilene, Texas 79606 (the HLAD Service Address).

h. Aztec Well Servicing Co., Inc. (AWS) is a New Mexico corporation formed in 1963.

i. Sandel is the Executive Vice President of AWS.

j. Sandel is also the Executive Vice President of Triple S Trucking, Inc. (Triple S).

k. On, or about, January 14, 2019, AWS and non-party Copper Ridge Resources, LLC (Copper Ridge) entered into a Daywork Drilling Contract (the Contract).

l. On January 14, 2019, Copper Ridge was a Texas limited liability company whose manager, director, and registered agent was non-party Mark Burkett (Burkett).

m. On June 5, 2019, AWS recorded a *Claim of Lien* in the official records of Lea County, New Mexico as Instrument No. 00042421 against the Warren 1 well related to work it performed pursuant to the Contract.

n. On October 1, 2019, AWS sent a Notice of Lien to the HLAD Service Address that was returned as "undeliverable."

o. On October 2, 2019, AWS sued Copper Ridge and Cobalt Operating, LLC in Case No. D-1116-CV-2019-01577, *Aztec Well Servicing, Co., v.*

    *Copper Ridge Resources, LLC et. al.* in the Eleventh Judicial District Court of San Juan County, New Mexico.

p.  On October 14, 2019, AWS unsuccessfully attempted to hand-deliver a notice of Lien to the HLAD Service Address.

q.  On October 16, 2019, AWS mailed a Notice of Lien to HLAD's registered agent at P.O. Box 7539, Abilene, Texas, which was returned as "undeliverable."

r.  On November 4, 2019, AWS sued Copper Ridge, HLAD, Graphite Resources, LLC, and others in Cause No. 19-11-18252, *Aztec Well Servicing Co. v. Copper Ridge Resources LLC, et al*, in the 106th District Court of Gaines County, Texas seeking to foreclose its lien on the L.L. Butler # 3 well.

s.  On November 4, 2019, Triple S sued Copper Ridge, Halite, and others in Cause No. 19-11-18253 in the 106th District Court of Gaines County, Texas to recover the amounts owed to it for its work at the Maria 1X well.

t.  On November 10, 2019, an advertisement depicting Harrison and Mark Burkett (the Ad or Ads) was placed in the Abilene Reporter-News and the Midland Reporter-Telegram (the Newspapers).

u.  The cost of placing the Ads in the Newspapers was paid by AWS.

v.  Copper Ridge filed bankruptcy under Chapter 7 on October 31, 2020.

w.  Fusselman filed bankruptcy under Chapter 7 on November 25, 2020.

x.  The Ads were published to third persons when they appeared in the Newspapers.

y.  Sandel was acting on behalf of both AWS and Triple S when he placed the Ads in the Newspapers.

z.  The Ads referred to Harrison.

aa.  The Ads contained assertions of fact, rather than opinion, about Harrison.

2. **Contested Issues of Fact**

   A. **Harrison**[6]

   1. Whether Harrison was damaged as a proximate result of the publication of the Ads advertisements?

   2. Whether and to what extent Harrison is entitled to recover general, special and punitive damages against the Defendants, joint and severally?

   B. **Defendants**

   1. Whether or not the advertisements were defamatory.

   2. To the extent the Court determines the Ads are defamatory, whether AWS, Triple S, and/or Sandel acted with malice when they drafted, published, and authorized the Ads.

   3. To the extent the Court determines the Ads are defamatory, whether AWS and/or Triple S were negligent when they drafted, published, and authorized the Ads.

   4. To the extent the Court determines the Ads are defamatory, whether the Ads were true or false.

---

[6] In light of the Court's MO (defined above), Harrison contends he has established defamation by libel *per se*. Therefore, the following issues are not subject to dispute:
   Whether the Ads were/are defamatory *per se*?
   Whether the Ads were/are defamatory?
   Whether the Ads were published?
   Whether the Ads state facts about Harrison?
   Whether the facts stated about Harrison in the Ads are not true?
However, should the Court determine otherwise, Harrison intends to put on evidence of any or all of the elements which are not deemed to be without issue.

    5.    To the extent the Court determines the Ads are defamatory, whether Sandel, individually, is liable for authorizing and directing the publication of the Ads.

    6.    Whether, and if so, to what extent Harrison is entitled to recover general damages from (1) AWS, (2) Triple S, and/or (3) Sandel, individually.

    7.    Whether, and if so, to what extent Harrison is entitled to recover special damages from (1) AWS, (2) Triple S, and/or (3) Sandel, individually.

    8.    Whether, and if so, to what extent Harrison is entitled to recover exemplary damages from (1) AWS, (2) Triple S, and/or (3) Sandel, individually.

**3. Contested Issues of Law**

    A.    **Harrison**[7]

        1.    Whether Harrison, who has established defamation per se, is entitled to presumptive damages?

        2.    Whether Sandel is personally and jointly liable with AWS and Triple S in his capacity as an officer and director of AWS and Triple S?

    B.    **Defendants**

        1.    Whether the statements within the Ads are defamatory.[8]

        2.    Whether the allegedly defamatory statements were true.

---

[7] *Id.*

[8] *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018).

4. **Estimated Length of Trial**

The parties estimate the jury trial will take three to four days.

So ordered on January 25, 2021.

---
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE